**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUDIUS A. BROWN, | ) | CASE NO. 1:15 CV 380 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

　　　　*Pro se* Petitioner Rudius A. Brown filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is currently incarcerated in the Northeast Ohio Correctional Institution, having been convicted on federal charges in the Northern District of Ohio on November 24, 2014.  In this Petition, however, he challenges his 2006 conviction in the Cuyahoga County Court of Common Pleas on charges of failing to comply with an order or signal of a police officer.  He was sentenced to two years incarceration and three years of post release control.  It appears he has completed that sentence.  In his Petition, he asserts: (1) he received ineffective assistance of trial counsel; (2) the prosecutors committed prosecutorial misconduct because they believed the statements of the police officers; and (3) the prosecutor pursued the case knowing he was completely innocent of the charges. He does not state the relief he hopes to obtain from this action.

## I.　Procedural Background

　　　　Petitioner provides very little information in his Petition.  He was prosecuted in the Cuyahoga County Court of Common Pleas in 2006 on charges of failure to obey the signal of a police officer.

He pled guilty to the charge and was sentenced on December 6, 2006 to two years incarceration and three years of post release control. He did not appeal his conviction or his sentence. He filed a Motion to Withdraw Guilty Plea in January 2007, but that Motion was denied five days later.

Petitioner was indicted in the United States District Court for the Northern District of Ohio on June 18, 2014 on two counts of possession with intent to distribute heroin, two counts of distribution of heroin, two counts of knowingly or intentionally using any communication facility in constituting a felony, and conspiracy to possess with intent to distribute and to distribute heroin, crack cocaine, and cocaine. *See United States v. Brown*, No. 1:14 cr 214 (N.D. Ohio indict filed June 18, 2014)(Gwin, J.). He entered into a plea agreement on November 24, 2014 in which pled guilty to the conspiracy charge in exchange for dismissal of the other charges. He was sentenced on March 20, 2015 to 132 months incarceration. There is no suggestion in the plea agreement, the minutes of sentencing or the judgment entry that his federal sentence was enhanced by his 2006 sentence for failure to comply with an order of a police officer.

On January 22, 2015, while the federal charges were still pending against him, Petitioner filed a Motion to Vacate, Set Aside or Correct his Sentence in the state court attempting to obtain a new sentence in his 2006 conviction. In the Motion, he claimed his counsel misrepresented the potential outcome of his guilty plea and the trial court extorted a plea from him. He asked the court to resentence him or dismiss the indictment. It is unclear why Petitioner tried to modify this sentence at that late date because he had already completed his prison sentence in 2008. The court summarily denied the Motion on June 4, 2015.

While that Motion was still pending in the trial court, Petitioner filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 27, 2015. He asserts three

-2-

grounds for relief:

> 1.  He was denied the effective assistance of trial counsel because his attorney coerced him to accept a plea agreement.

> 2.  The prosecutor committed prosecutorial misconduct by believing the statements of the police officers.

> 3.  The prosecutor pursued the case knowing he was innocent.

Petitioner does not state the relief he hopes to obtain from this Petition.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

-3-

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.*  "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007).  AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must exhaust all possible state remedies or have no remaining state remedies. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

-4-

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414.  Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

## III.  Analysis

As an initial matter, it does not appear this Court has jurisdiction to consider this Petition on the merits.  A federal habeas corpus petitioner must be "in custody" under the conviction or sentence

under attack at the time he filed his habeas corpus petition.  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238(1968)); 28 U.S.C. § 2254(a).  "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 Fed.Appx. 188, 2002 WL 31828191, at *1 (6th Cir. Dec.13, 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)).

There is a limited exception to this rule.  A petitioner can challenge a prior conviction if it was used to enhance a current sentence, and where: (1) the petitioner's prior conviction was obtained in violation of his Sixth Amendment right to have counsel appointed to represent him; (2) the petitioner was without fault in failing to obtain timely review of a constitutional claim, such as where the state court refuses to rule on a properly presented constitutional claim; or (3) the petitioner obtains compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review has expired.  *See Coss*, 532 U.S. at 404-06; *Steverson v. Summers*, 258 F.3d 520, 524-25 (2001).

Here, it appears Petitioner's sentence has expired and he is no longer "in custody" under his 2006 sentence.  Although he is in custody under a federal sentence imposed in 2015, there is no indication that his federal sentence was enhanced by his 2006 conviction for failing to obey an order of a police officer.  This Court lacks subject matter jurisdiction to entertain this Petition.

In addition, even if Petitioner could demonstrate he met the "in custody" requirements, he did not exhaust his state court remedies prior to filing his habeas petition.  His Motion to Vacate Sentence was still pending in the state trial court when he filed this action.  His state court remedies of appeal have not yet been exhausted.

**III.     Conclusion**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: August 27, 2015                      ___*/s/ John R. Adams*_____
                                                                     JOHN R. ADAMS
                                                                     UNITED STATES DISTRICT JUDGE